## M. F. LAMADRIDS *v.* WILLIAM C. COX, ET AL.

**Assault and Battery—Survival.**

> An action for damages on account of an assault and battery does not
> survive, but dies with the party injured.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

#### May 2, 1876.

OPINION BY JUDGE PRYOR:

The original petition, being an action for an assault and battery
on the intestate, gave to the personal representative no right of re-
covery. Such a cause of action does not survive, but dies with the
party injured. The grounds relied on for a recovery are the unlaw-
ful beating, wounding, etc.; in this consists the wilful neglect of the
defendants, or if not, the facts constituting the wilful neglect are
not to be found in the petition. The amended petition fails to cure
the defect in the original pleading. It is alleged that whilst in a cer-
tain room in the city of Louisville the intestate received such bodily
injuries, by reason of the wilful neglect of the defendant above
named, that his life was lost and destroyed; and by reason of said
wilful, reckless and criminal neglect of the defendant, the intestate
died, etc. What the bodily injuries were, or in what the wilful neg-
ligence consisted, nowhere appears in this amended pleading.

The pleader must set forth the facts constituting the cause of ac-
tion in order that the court may determine the liability of the party

charged, conceding the facts alleged to be true. The bodily injuries received by the wilful neglect of the defendants may have consisted in this failure to arrest the movements of the intestate in his efforts to leave the building, or in leaving the windows open so that the intestate fell from the window to the ground, or he may have been assaulted and killed by the defendants. The court is left to speculate upon the facts from which the alleged wilful negligence occurred, and to supply in this manner the omission of the pleader to present his cause of action. The demurrer was properly sustained to the original petition and the amendment. *Louisville & Portland Canal Co. v. Murphy, Adm'r, et al.,* 9 Bush 522. Judgment *affirmed.*

*J. S. Butler, Sam McKee, for appellant.*

*Badger & Mority, for appellees.*